IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PRUDENCE NIETUPSKI, et al.,          §
                                     §
                    Plaintiffs,      §
                                     §   Civil Action No. 3:06-CV-1752-D
VS.                                  §
                                     §
AMERICAN INTERNATIONAL GROUP,        §
INC., et al.,                        §
                                     §
                    Defendants.      §

MEMORANDUM OPINION
AND ORDER

In this removed action alleging claims related to non-payment of medical expenses following a skydiving accident, the court must decide whether it can exercise personal jurisdiction over the defendants. Concluding it cannot, the court grants defendants' motion to dismiss and dismisses this action without prejudice.[1]

I

Plaintiffs Prudence and Daniel A. Nietupski sue defendants American International Group, Inc. and ALICO a/k/a American Life Insurance Company on various theories arising from their failure to pay medical expenses incurred for hospital care that Prudence received following a skydiving accident in New Jersey. Defendants removed the case from state court and, after removal, filed on October 2, 2006 the instant motion to dismiss for lack of personal jurisdiction. Plaintiffs have not responded to the motion,[2] and it is now ripe for decision.

_____

[1] Defendants also move to dismiss on other grounds or to compel arbitration. The court need only decide, however, the threshold question whether it has personal jurisdiction over defendants.

[2] Under N.D. Tex. Civ. R. 7.1(e), plaintiffs' response was due October 23, 2006 (the Monday following the twentieth day after the motion was filed).

II

A

The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over defendants would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.' To comport with due process, the defendant's conduct in connection with the forum state must be such that he 'should reasonably anticipate being haled into court' in the forum state." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies.

*Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

B

In their state-court petition, plaintiffs appear to allege that the court has general jurisdiction. *See* Pet. ¶¶ 7-10. In defendants' motion to dismiss and brief, however, they deny that the court has any basis to exercise general or specific jurisdiction over them. *See* Ds. Br. 9-11, 11-12. Their motion and brief are supported by declarations that deny the factual predicates for personal jurisdiction based on general or specific jurisdiction. *See* Ds. App. 1-3, 4-6. In other words, the jurisdictional allegations of plaintiffs' state-court petition have been controverted. Because it is the *uncontroverted* allegations of plaintiffs' petition that are to be taken as true, *see Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), and plaintiffs have not responded to defendants' motion to dismiss, plaintiffs have failed to demonstrate a prima facie case of *in personam* jurisdiction.

- 3 -

Accordingly, plaintiffs have not demonstrated the necessary minimum contacts for general or specific jurisdiction. The court need not decide any other issues in the *in personam* jurisdiction equation. The motion to dismiss is granted, and the action is dismissed without prejudice by judgment filed today.

**SO ORDERED**.

November 13, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE